John Albin *v.* M. C. Howard.

Trial of Right of Property. *Business sign.* Code 1892, § 4234.

> The goods of a merchant, whose business sign does not indicate ownership in the defendant in execution, are not liable to the creditor of such defendant because the merchant caused goods, purchased by him, to be shipped in such defendant's name, and carried on the business correspondence and paid privilege tax in such name, without the knowledge or consent of the party whose name was so used.

From the circuit court of Holmes county.

Hon. C. H. Campbell, Judge.

Howard, appellee, obtained a judgment against Mrs. Shoemaker, and caused an execution thereon to be levied upon a stock of merchandise which was claimed by Albin, appellant. A trial of the right of property was had, resulting in a verdict and judgment for the plaintiff in execution. The claimant appealed. Both parties asked peremptory instructions; the court below gave the one asked by the creditor, and refused that asked by the claimant. The other facts are sufficiently stated in the opinion of the court. It may be added, however, that the evidence showed that Albin kept a bank account in the name of "Mrs. Shoemaker, Agent," but this was unknown to her until a short time before the levy of the execution.

*Noel & Pepper,* for appellant.

If the evidence raises any conflict in regard to the question as to whether or not this case falls within § 4234 of the code, the action of the court is erroneous. That section covers two classes only: (1) Where a person transacts "business as a trader or otherwise, with the addition of the words 'agent,' 'factor' and 'company,' or '& Co.,' or like words, and fails

to disclose the name of his principal or partner by a sign," etc.; (2) where a "person shall transact business in his own name, without any such addition." In each of the classes there must be an actual transaction of business by the person to be charged. If the business is not carried on in his own name, it must, under the terms of the statute, be carried on by the person against whom liability is sought, as agent of a principal, or of a partner whose name is not disclosed by a sign. The liability is aimed at the person who is operating the business as ostensible owner, and who controls and directs affairs. *Gumbel* v. *Koon,* 59 Miss., 267.

The evidence clearly shows that in this case it was Albin's creditors, and not Mrs. Shoemaker's, who could have availed themselves of the benefit of the statute. The most that Mrs. Shoemaker's creditors could contend for would be that her name had been so connected with the business that a common law liability would attach for credit extended upon the faith of the use of her name in connection with the business. The statutory liability could not apply both to her creditors and to those of Albin.

In *Hamblet* v. *Steen,* 65 Miss., 477, the lease of the stable, the privilege license to carry it on, the bill of sale and ownership of the property, were in Mrs. Hamblet, whose husband conducted the business under the sign "Carr Stable." He sometimes spoke of the business as his own and acted as proprietor. The court held in that case that the statute did not "have the effect to permit one to do business in a fictitious name or in the name of some one not the owner of the property, and thus escape its consequences. That is the very evil which it was made to extirpate." If Hamblet's creditors were the ones protected by the statute, his wife's creditors could not have been. So, in this case, if Albin's creditors could have seized the property (and they would have had a much better case than Hamblet's), Mrs. Shoemaker's creditors could not have done so under the statute.

*Hooker & Wilson,* for appellee.

The case of *Quin* v. *Myles,* 59 Miss., 375, is exactly like the case at bar. In the case cited, Wachenheim & Herman put up the money, furnished all the goods and capital, and opened up business in the name "Henry Bazinsky & Co." The creditors of Bazinsky levied on the goods, and took them for their debts, and the court adhered to the rule that the statute (§ 4234, code 1892) will be enforced, whether the debts sought to be collected were antecedent or subsequent to the inauguration of the business.

Argued orally by *E. F. Noel,* for appellant, and by *G. A. Wilson,* for appellee.

Woods, C. J., delivered the opinion of the court.

Undisputedly, Albin purchased the stock of goods with his own means; he rented or owned the house in which the business was conducted, and had sole and exclusive control and management of the same. The business was transacted by him, and the execution debtor appears never to have been in the store where the goods were found when levied upon, except on one occasion. The fact that Albin had the goods shipped in her name, that the privilege tax license was taken out by him in her name, and that he carried on the correspondence connected with the business in her name, all originally without her knowledge and consent, in the light of all the other evidence in the case, cannot be regarded as tending to establish ownership in Mrs. Shoemaker. There was no sign proclaiming her to be the owner, and she did not transact the business.

The case is perfectly covered by the case of *Hamblet* v. *Steen,* 65 Miss., 477, and the appellant was entitled to a peremptory instruction.

*Reversed and remanded.*